IN THE

# COURT OF ERRORS AND APPEALS

## OF THE STATE OF NEW JERSEY,

### ON APPEAL FROM THE COURT OF CHANCERY.

#### MARCH TERM, 1869.

DeCourcey and others, appellants, and Collins and others, respondents.

21 357
53 357
53 367

1. The statute relating to chattel mortgages requires, when some of the mortgagors live in and others of them live out of this state, that the mortgage shall be recorded in the counties in which such residents live, and also in the county where the chattels are situate.

2. A first chattel mortgage unregistered, is absolutely void against a second mortgage taken in good faith; and such second mortgage need not be recorded at all to give it priority over such first mortgage.

3. An objection to an instrument as evidence, on the ground of a want of a sufficient United States revenue stamp, comes too late after such instrument has been offered and received in the cause without opposition.

This was a suit for the foreclosure of a chattel mortgage, given by Messrs. Little and Dana to Samuel G. DeCourcey and others, who were the complainants in the court below. This mortgage was dated on the 12th of April, 1866, and the chattels embraced in it were situate in the county of

Camden. Little, one of the mortgagors, resided in the county of Union; Dana, the other mortgagor, resided in the state of New York. Messrs. Little and Dana were partners, and their place of business in this state was the county of Camden. This mortgage was registered in the Camden county clerk's office on the 29th of September, 1866, and in the county of Union, on the 2d of the following November.

On the 3d day of August, 1866, Little and Dana gave a second mortgage on these same chattels to the defendants in the court below, Collins, Atwater, and Whitin, for $10,000, advanced at the time. These defendants, when they took their mortgage, had no notice of the prior one to the complainants. On the 11th of August, 1866, they caused their mortgage to be registered in the clerk's office of the county of Camden. It was never registered in the county of Union. When this mortgage of the defendants was first offered in evidence it was objected to on the ground that a stamp, such as was requisite under the laws of the United States, was not affixed to it. At a subsequent day the instrument was again offered in .evidence, having upon it the certificate of an United States collector, that he had affixed to it the proper stamps. On the second occasion, the instrument was put in before the master without any objection being made on the part of the complainants to its reception.

The opinion of the Chancellor is reported in 4 *C. E. Green* 117.

*Mr. P. L. Voorhees* and *Mr. Bradley,* for appellants.

*Mr. C. Parker* and *Mr. Keasbey,* for respondents.

The opinion of the court was delivered by

THE CHIEF JUSTICE.

This is a struggle for priority between the holders, sever-ally, of two chattel mortgages. The mortgage first in point of time is held by the appellants. But the appellees took their mortgage, *bona fide,* before the registry of the com-plainant's mortgage. They also recorded their mortgage

first, in the county of Camden where the chattels were situate. Subsequently, the registry of the first mortgage was effected in both the counties of Camden and Union, which latter county was the place of residence of one of the mortgagors.

Under these circumstances, it is insisted by the appellants that this mortgage of the appellees has never been conformed to the act of this state concerning chattel mortgages, the imperfection being that it was not registered in the county of Union as well as in the county of Camden.

This objection is well taken. The requirement of the statute is that these instruments " shall be filed in the clerk's office of the county where the mortgagor, if a resident of this state, shall reside at the time of the execution thereof; and if not a resident, then in the clerk's office of the county where the property so mortgaged shall be at the time of the execution of such instrument." *Nix. Dig.* 613, *pl.* 28. In the present case, one of the mortgagors resided in the county of Union, in this state, and the other in New York. With regard to the former, the statutory requisition could be complied with only by a registry in the place of his residence; and as to the latter, a similar form was requisite in the county of the situs of the property. This is a remedial statute, its object being to discourage the placing of secret liens upon personal property, and this object is obviously promoted by requiring that these mortgages must be recorded at the places of the residence of all such of the mortgagors as reside in this state; and in the case of others, being non-resident, that there then must be likewise a registration in the county in which the chattels are situate. I have no doubt, therefore, that in this case the mortgage of the appellees would have been invalid as against any creditor of the mortgagors obtaining, *bona fide*, a subsequent lien on the articles mortgaged.

But the infirmity of the case of the appellants is, that they are not creditors obtaining a subsequent lien. They are prior mortgagees who have failed to put their mortgage on

record until the lien of the second mortgage attached. These rights, consequently, are specifically regulated by the statute. The clear direction of the act is that a prior mortgage, unregistered, shall be " absolutely void as against " subsequent mortgagees in good faith. We are asked to say that this result shall not follow unless such subsequent mortgagee shall obtain a priority in the registration of his mortgage. But we cannot say this, because the statute says just the reverse. The statute prescribes but a single condition to give a second mortgage priority over a first unregistered mortgage, viz. bona fides in the party taking it; it is not, therefore, in the competence of the court to require the performance of a second condition, viz. that such second instrument must be put first upon the record. I altogether agree in the conclusion of the Chancellor, that by the true construction of the act in question, the first mortgage was entirely void as against the second one, and that consequently the omission to record the latter according to law, cannot affect the result of this controversy.

With regard to the objection that the mortgage of the appellees was not properly stamped, it is sufficient to say the merits of that point cannot be considered, as no exception was taken in proper time to the introduction of this evidence. It is a well settled rule that in order to exclude an instrument on this ground, the objection must be made at the time of the offer of such instrument as evidence in the cause. The existence of the rule is indispensable to the ends of justice. The present case is an example of its necessity, for if the defect now suggested had been pointed out at the time, the imperfection, if any such exists, could have been readily removed. This rule of evidence was declared in the Supreme Court, in the case of *Kinney's A dm'r* v. *Metler*, which is not yet reported. The authorities seem entirely agreed upon the point. 3 *Parsons on Con.* (5th ed.) 340.

This consideration, therefore, renders it unnecessary to decide the questions discussed as to the proper construction of the several provisions of the stamp law of the United States, or to enter upon that still more important inquiry,

as to the constitutionality of such law so far as relates to the control it is designed to exercise over the proceedings in the courts of the state. The decree of the Chancellor should be affirmed.

*For affirmance*—BEASLEY, C. J., CLEMENT, DALRIMPLE, DEPUE, OGDEN, OLDEN, SCUDDER, VAN SYCKEL, WOODHULL. 9.

*For reversal*—NONE.